## CLAUDE F. GONIN

*v.*

## FRANCISCO ROBLEDO.

---

San Juan, Law, No. 960.

As to Treble Damages.

Practice—Treble Damages.

    1. Under the Porto Rican Code as to damages from trespass, the jury is to find the actual damages; and it is discretionary with the court to treble the damages in the judgment.

Same—When Allowed.

    2. Where no matters of aggravation are shown, the court will not treble the damages.

Opinion filed January 3, 1914.

Gonin v. Robledo.

*Mr. Joseph Anderson, Jr.,* for plaintiff.

*Mr. Francis Soto Gras* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. This comes up upon the matter of treble damages. It was a case of trespass, and the question was whether the jury should find the treble damages which can be assessed under § 281 of the Code of Civil Procedure of Porto Rico, or whether that is a matter for the court. The authorities seem to be divided as to the proper procedure, and the court thought the simpler proceeding was to let the jury assess the actual damages, and not cloud the issues by bringing in any question of treble damages. Let them find the actual damages, and then the court can, by analogy to the Revised Statutes of the United States, § 4919, U. S. Comp. Stat. 1901, p. 3394, the patent law, consider the question of treble damages. That course was pursued, and the question is now whether the court will treble these damages. The statute is itself not clear. This section is part of a chapter on the subject of unlawful detainer, which is not precisely this suit; but, supposing it is broad enough to cover a question of this sort, then there is a further question whether the words, "may award treble damages," are compulsory in all cases, or, if not, what they do mean. Of course there are some times when "may" is equivalent to "shall," but that does not apply in the matter of discretion of the court. The court has a large discretion in the trying of cases and the way that cases should be handled, and, where the statute

Gonin v. Robledo.

says that the court may do so and so, it will not be lightly assumed that the law means that the court shall do so and so. In this particular case, there being no direct decisions cited to the court, it will follow the analogy of § 4919 of the patent law already mentioned. It is true that has nothing to do with the local Porto Rican law, but it is analogous in its treatment of a different subject. It is there held that "may" is not compulsory.

2. Now, does this present a case where treble damages should be given, supposing the court has discretion in the matter? The court does not think it does. It is a case where there was actual damage done; where the party inflicting the damage went across the grounds five times in each direction, and at least once permissibly. The court does not think it presents such a case of aggravation that there should be more allowed than the damages themselves. They have been found by the jury, and of course that finding will stand.

There was in the case, as brought, the question whether the defendant had a servitude or a right of way. This evidence was ruled out for technical reasons, the instrument not having been recorded, and so does not enter into the case. This question of treble damages is decided, therefore, independently of that element. I do not know whether or not it could have been proved, so this decision is independent of that.

The application, therefore, to treble the damages, is denied.